Liza SETYADI, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–72768.

Agency No. A77–827–293.

United States Court of Appeals, Ninth Circuit.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jacqueline Dryden, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

Liza Setyadi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") decision, which dismissed her petition for asylum as untimely and denied her petition for withholding of removal and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's determination that petitioner failed to

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

show that she filed for asylum within one year of entering the United States. *See Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001). We therefore dismiss petitioner's asylum claim for lack of jurisdiction.

We have jurisdiction under 8 U.S.C. § 1252 over the petition insofar as it concerns petitioner's claim of withholding of removal and relief under CAT. *See Hakeem,* 273 F.3d at 816. We review for substantial evidence and we deny the petition. *See id.*

■ Substantial evidence supports the IJ's decision to deny withholding of removal because petitioner failed to establish a clear probability that she will be persecuted if returned to Indonesia. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir. 2001). Any harassment that petitioner experienced fails to rise to the level of persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1014–16 (9th Cir.2003), and being the victim of a random robbery does not establish a clear probability that petitioner will be persecuted if returned to Indonesia. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (stating that "[r]andom, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Accordingly, petitioner fails to establish a claim for withholding of removal.

■ Substantial evidence also supports the IJ's denial of petitioner's CAT claim because she failed to show that it was more likely than not that she would be tortured if returned to Indonesia. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED.**